UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JOHN DOE infringer using IP address 24.61.5.7,<br><br>　　　　Defendant. | Civil Action No. 1:24-cv-10477-LTS<br><br>**[Leave to file under seal granted on September 20, 2024]** |

## **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT**

PLEASE TAKE NOTICE that Plaintiff Strike 3 Holdings, LLC ("Plaintiff") will and hereby does move for default judgment against Defendant. This Motion is be based on the following:

1.　On July 16, 2024, Plaintiff filed its First Amended Complaint in this action.

2.　On August 15, 2024, Defendant was served with the Summons and First Amended Complaint at his place of abode. An Affidavit of Service was filed on the court's docket on September 3, 2024.

3.　Defendant has failed to plead or otherwise defend himself against Plaintiff's First Amended Complaint.

4.　On September 19, 2024, Plaintiff filed and served a request that the Court enter Defendant's default pursuant to Fed. R. Civ. P. 55(a). The Clerk entered default against the Defendant on September 20, 2024.

5.　Defendant is not a minor, an otherwise incompetent person or in military service. *See* concurrently-filed Declaration of Jacquline M. James in Support of Motion for Default Judgment Against Defendant ("James Decl.").

6.	This Motion is based on the allegations in Plaintiff's First Amended Complaint. Because Defendant has not filed a responsive pleading or otherwise responded to Plaintiff's First Amended Complaint there are no material facts in dispute. It is well established that the entry of default constitutes an admission of all well pled facts in the complaint, and that when default occurs a defendant is "taken to have conceded the truth of the factual allegations in the complaint as establishing grounds for liability." *In re The Home Restaurants, Inc.*, 285 F.3d 111, 114 (1st Cir. 2002) (quoting *Franco v. Selective Ins. Co.*, 184 F.3d 4, 9, n.3 (1st Cir. 1999)). However, damages still must be established. *KPS & Assoc., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 19-21 (1st Cir. 2003) (describing the need to establish damages even where defendant has been defaulted). A hearing on damages is not necessary here as there is no uncertainty about the statutory damages Plaintiff seeks. *In Re Home Restaurants,* 285 F.3d 114-15 (holding that district court did not abuse its discretion by entering default judgment without first holding an evidentiary hearing, where there was "no uncertainty about the amounts at issue," the pleadings contained "specific dollar figures," and the court requested and received affidavits in support of the default judgment).

7.	This Motion is further based on the facts attested to in the James Decl.; the Memorandum of Points and Authorities in Support of Motion for Default Judgment filed concurrently herewith; all pleadings and evidence on file in this matter; and such additional evidence or arguments as may be accepted by the Court. These materials are sufficient to justify the requested relief.

Dated: October 4, 2024

Respectfully submitted,

/s/ *Jacqueline M. James*
Jacqueline M. James, Esq. (BBO #706668)
The James Law Firm, PLLC
445 Hamilton Avenue
Suite 1102
White Plains, New York 10601
T: 914-358-6423
F: 914-358-6424
E-mail: jjames@jacquelinejameslaw.com
Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 4th day of October 2024, a true and correct copy of the foregoing Motion for Default Judgment was served via United States Mail, First Class, postage prepaid, upon the following:



                                                      /s/ *Jacqueline M. James*
                                                      Jacqueline M. James, Esq